**HENRY TOVMASSIAN, SBN 140388**
**GEORGE D. CROOK, SBN 60889**
**LAW OFFICES OF HENRY TOVMASSIAN**
14001 Ventura Boulevard
Sherman Oaks, CA 91423
Telephone: (818) 990-7722
Facsimile: (818) 450-3722

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA GORDON and ROBERT GORDON,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　Defendant. | CASE NO. 2:18-CV-00919-CAS-JC<br><br>**DECLARATION OF GEORGE D. CROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

I, GEORGE D. CROOK, declare:

1.　I am an attorney in the firm of Newman Aaronson Vanaman and am one of the attorneys for Plaintiffs. I am admitted to practice before the bar of this Court. I make this Declaration in support of plaintiffs' Motion for Attorneys' Fees filed concurrently herewith.

## My Background

2.　I graduated from St. John's Seminary College in Camarillo, California in 1964. I then taught at Salesian High School in East Los Angeles from 1964 to 1971. Between 1969 and 1971, I was in charge of Salesian's college placement

-1-

**DECLARATION OF GEORGE D. CROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

program, which became well known on the East Side of Los Angeles for its success in placing inner-city students in four-year colleges and universities with significant financial aid. I left Salesian to go to law school in September, 1971.

3. Between 1971 and 1974, I attended Loyola University of Los Angeles School of Law. I graduated *cum laude*, was on the Dean's List all three years, was research assistant to Professor and then Dean, Frederick J. Lower, Jr., was a member of the Sir Thomas More Law Honor Society each semester, was first a staff member and then the Managing Editor of the Loyola of Los Angeles Law Review and published an article therein at 6 Loyola Law Review 526 (1973) entitled *You May Kill But You Must Promise Not To Use Discretion*.

4. Following my graduation from Loyola in 1974, I was a law clerk to the Honorable Albert Lee Stephens, Jr., who was the Chief Judge of the United States District Court for the Central District of California. When my term ended in September of 1975, I went to the then "silk stocking" but no longer existing firm of Kindel and Anderson, where I practiced civil litigation. I did not like the big firm environment, and I left Kindel and Anderson in February, 1977 to become a Clinical Professor of Law at Loyola of Los Angeles School of Law. At about the same time, in March, 1977, I was elected to the Board of Trustees of the El Rancho Unified School District in Pico Rivera, California. I served as a school board member there from 1977 until I resigned in 1986 because I was moving out of the jurisdiction. I was twice elected President of the El Rancho School Board.

5. My duties as a Clinical Professor at Loyola consisted of training law students who were staffing for academic credit the equivalent of a legal aid office located in the Pico-Union district of Los Angeles. I supervised the students in the full spectrum of litigation practice, including discovery, actual trials and appeals. By December, 1978, Loyola was in the process of determining that the clinic was not economically viable because of the relatively small number of students who could benefit from it, and I returned to private practice as a founding member of Ochoa,

**DECLARATION OF GEORGE D. CROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

1 Holderness, Barbosa and Crook.

2     6.     In 1982, I joined the predecessor to what became known as the firm of Wilner, Klein & Siegel, where I was in charge of training and supervising the firm's approximately ten associates. I left that firm in May, 1991 as one of the founders of the firm of Kehr, Crook, Tovmassian & Fox. While there I continued to practice civil litigation in state and federal court and, as in my previous firm, was in charge of training and supervising the young lawyers. On December 31, 1998, I took a full-time position with Newman Aaronson Vanaman ("NAV") because I wanted to practice public interest law.

3     7.     Since joining NAV, I have represented clients at hundreds of due process mediations under the Individuals With Disabilities Education Act, 20 U.S.C. §1400 et seq. ("IDEA"). I have also tried at least nine due process hearings under the IDEA to completion and have prevailed outright in seven of them and in part in another. I was also the attorney for the successful plaintiff in *Gulbrandsen v. Conejo Valley Unified School District,* CV 00-7418 AHM and the primary attorney for the successful plaintiffs in *J.M. v. Los Angeles Unified School District,* CV 02-5524 AHM (Cwx), in both of which the United States District Court reversed administrative decisions against my firm's clients. I also successfully defended or directed the defense of appeals brought by school districts at the district court level in *Pleasant Valley Unified School District v. C.R.,* CV 99-03888 ABC (RNBx), *Los Angeles Unified School District v. California Special Education Hearing Office, etc.,* CV 03-662-JVS (Ctx) and *Antelope Valley Union High School District v. B.F., et al.,* CV 06-1539 CAS (JTLx). (In the last mentioned case, the attorney who had successfully represented the family at the due process hearing asked me to take over the defense of the school district's appeal in the district court.)

///
///
///

-3-
**DECLARATION OF GEORGE D. CROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

      8.     I was the primary attorney for the successful appellees in *Berry v. Las Virgenes Unified School District,* 370 Fed. Appx. 843 (9th Cir. 2010). This was the first Ninth Circuit case in which a school district's individualized education program ("IEP") for a disabled student was found to be fatally defective procedurally because the school district had predetermined it. This matter stretched out over six years in three successive proceedings before OAH, the district court and the Court of Appeals for the Ninth Circuit. We lost the due process hearing in 2004, and I was the attorney who then took the matter to federal court. I managed to obtain a reversal of the administrative decision in a "summary judgment" ruling by the late Judge Florence M. Cooper. The District then appealed to the Ninth Circuit, which remanded the case to Judge Cooper for clarification. We again litigated the matter before Judge Cooper and again prevailed; the District appealed again, and the Court of Appeals finally decided the matter in favor of our client in March, 2010. The school district was represented by Charles A. Weatherly, Esq., of Atlanta, Georgia, who was widely regarded at the time as the best school district attorney in the country.

      9.     I was also the attorney for the successful appellees in *Compton Unified School District v. Addison*, 598 F.3d 1181 (9thCir.2010), *cert. denied*, 132 S. Ct.996 (2012). This was a case of first impression nationally and was the first case in the country in which a federal court of appeals explicitly held that a school district's violation if its "child find" obligation triggered an entitlement to compensatory services for the student. The Compton Unified School District was represented by the mega firm of Littler Mendelsohn, which tenaciously fought the case all the way through an unsuccessful petition for certiorari to the Supreme Court. I might also mention that this was another case in which I was asked to take over the case on appeal by the attorney who had represented the family until that point.

      10.    I am ranked as "AV" by Martindale-Hubbell as a result of its "peer review" evaluation process, which consists of a survey of lawyers in the community who have litigated against or are otherwise familiar with the rated attorney. This

**DECLARATION OF GEORGE D. CROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

ranking "shows that a lawyer has reached the height of professional excellence. He or she has usually practiced law for many years, and is recognized for the highest level of skill and integrity." (*Martindale-Hubbell Peer Review Ratings* as revealed by Internet search on August 6, 2005).

## My Hourly Rates

11. I am familiar with the rates charged by lawyers in the Los Angeles area with skills and backgrounds similar to my own for performing similar work. The $700.00 per hour I am requesting in this motion is in line with the rates prevailing in Los Angeles for the kind and quality of services I have performed in this case. In fact, the rate I am seeking is conservative: lawyers of comparable experience and attainment often charge and receive more than $700.00 per hour for comparable work.

12. The courts have frequently found my requested rates reasonable. For example, in *Antelope Valley Union High School District v. B.F., supra,* I was awarded fees at the hourly rate of $525.00 in 2007. A true and correct copy of the district court's fee order is attached hereto as Exhibit "A". On November 10, 2008, I was awarded fees at the rate of $575.00 an hour in *Torrance Unified School District v. McGee*, CV-07-2164 CAS (RZx). I was awarded fees at a rate of $650.00 an hour in *H.B. et al. v. Las Virgenes Unified School District*, CV-04-8572 CAS (Ssx) and in *Banda v. Antelope Valley Union High School District,* CV-13-3358-R on September 7, 2010 and July 28, 2016, respectively. True and correct copies of these orders are attached to the Declaration of Henry Tovmassian as Exhibits 2, 3 and 4.

## My Work In This Case

13. My colleague Henry Tovmassian asked me to assist him in the due process hearing of this matter. The hearing was tried to Administrative Law Judge Darrell Lepkowsky at the Office of Administrative Hearings courtroom in Van Nuys, California on September 5, 6, 7, 12 and 13, 2007.

14. I attended the due process hearing to analyze witness testimony and the comments and questions of the ALJ and to be a resource for developing questions for

direct and, especially, cross examination. I did this every day of the hearing, both before the day began and after it ended and during lunch and breaks. During and after the hearing I did research and drafting in connection with the closing brief at the hearing and our briefing in this Court.

15. In this proceeding, I have attended the two status conferences held in this Court, participated in the day long settlement conference held on January 7, 2019, and participated in the drafting of several of the documents filed in connection with plaintiffs' motion for attorneys' fees.

16. Mr. Tovmassian and I have been careful to avoid duplication - neither of us, after all, is unaware of the case law on the subject. For example, we have divided our writing and researching of briefs by topics, both in connection with the due process hearing and in this Court.

17. My time for both the administrative hearing and this Court is accurately detailed in Exhibits 6 and 7 to the accompanying Declaration of Henry Tovmassian.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 13th day of March, 2019, at Sherman Oaks, California.

*George D. Crook* (signature)
George D. Crook

Priority ✗
Send ✗
Enter ✗
Closed ✗
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-1539 CAS (JTLx) | Date | April 13, 2007 |
| Title | ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT v. B.F., a minor, JAMES F. and LISA F. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| CATHERINE JEANG | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
(filed March 13, 2007)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 9, 2007, is hereby vacated and the matter is taken under submission.

### I. INTRODUCTION

Antelope Valley Union High School District ("the District" or "plaintiff") filed the instant suit on March 13, 2006, against defendants B.F., a minor, and her parents James F. and Lisa F (collectively, "defendants"). The suit arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. The District sought judicial review of an administrative "due process hearing," held pursuant to 20 U.S.C. § 1425, in which the Administrative Law Judge ("ALJ") found in favor of defendants. On February 26, 2007, the Court granted defendants' motion for summary judgment, and denied the District's cross-motion.

On March 13, 2007, defendants filed the instant motion for attorneys' fees and costs. Plaintiff did not file an opposition. Defendants' motion is presently before the Court.

### II. DISCUSSION

Defendants seek attorneys' fees and costs, in the amount of $182,975.89, pursuant to the IDEA for both the underlying due process hearing before the ALJ, and the instant action. The IDEA provides that, "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . (I) to a prevailing party who is the parent of a child with a disability." 20

CV-90 (06/04)      CIVIL MINUTES - GENERAL      Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1539 CAS (JTLx) | Date | April 13, 2007 |
|---|---|---|---|
| Title | ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT v. B.F., a minor, JAMES F. and LISA F. | | |

U.S.C. § 1415(i)(3)(B). The prevailing party in an IDEA action "should ordinarily recover their attorneys' fees unless special circumstances would render such an award unjust." Abu-Sahyun v. Palo Alto Unified School District, 843 F.2d 1250 (9th Cir. 1988). The Court concludes that defendants are the prevailing parties, and are therefore entitled to the recovery of attorneys' fees and costs.

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court has an independent duty to determine whether the hours and hourly rate submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value. The lodestar amount is "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Id. at 433. In cases brought under the IDEA, fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection." 20 U.S.C. § 1415(i)(3)(C).

**A. Hourly Rate**

Hourly fees are calculated according to prevailing market rates in the legal community where the fee applicant performs the legal services. Guam Soc'y of Obstetricians & Gynecologists v. Ada, 100 F.3d 691, 696 (9th Cir. 1996). "[T]he burden is on the fee applicant to produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 104 (1984); Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Defendants seek the following hourly rates:

| | |
|---|---|
| Warren Finn | $280 |
| George D. Crook | $525 |
| Henry Tovmassian | $425 |
| John W. Chan | $140 |
| Sharon Robinson | $390 |
| Valerie Vanaman | $525 |

Defendants submit the declarations of Carol A. Sobel and Marcy J.K. Tiffany in support of their requested hourly rates. Sobel and Tiffany are attorneys, and have not previously been involved in the instant action. Sobel declares that, based upon her personal knowledge of prevailing market rates, defendants' proposed hourly rates are "far below market rate for attorneys of comparable skill and experience" for similar services. Decl. of Carol A. Sobel ¶¶ 4, 7, 13. Tiffany states that the billing rates of Vanaman and Crook are reasonable "in light of their ability, achievements, and professional reputations" in the special education

Right Case 2:04-cv-08572-PMC-SS Document 88-2 Filed 04/21/2008 Page 67 of 72

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1539 CAS (JTLx) | Date | April 13, 2007 |
|---|---|---|---|
| Title | ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT v. B.F., a minor, JAMES F. and LISA F. | | |

community. Decl. of Marcy J.K. Tiffany ¶ 17. Accordingly, the Court concludes that defendants have satisfied their burden to show that their requested rates are reasonable.

### B. Time Expended

Defendants' counsel spent 249.70 hours on the underlying proceeding, which took place before the ALJ, and 248.60 hours on the instant action. After review of the declarations of George Crook and Warren Finn and supporting documents, submitted in support of defendants' request for attorneys' fees and costs, the Court concludes that the time expended by counsel for defendants is reasonable.

### V. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion for attorneys' fees and costs in the amount of $182,975.89.

IT IS SO ORDERED.

                                                            00 : 00
                                        Initials of Preparer