UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Dkt. [ 25 ], filed March 13, 2019)

## I.   INTRODUCTION

On April 4, 2017, plaintiff E.G., a minor, through his parents Melissa and Robert Gordon, (collectively, "Student") initiated a due process hearing before the Office of Administrative Hearings ("OAH") against his school district, the Los Angeles Unified School District (the "District"). Dkt. 1 ("Compl.") ¶ 10. In brief, Student alleged that the District had violated the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 et seq, by failing to provide Student a free appropriate public education ("FAPE"). Id. A hearing was held before an Administrative Law Judge ("ALJ") on September 5, 6, 7, 12 and 13, 2017. Id. ¶ 11.

In the due process hearing, Student partially prevailed on his argument that the District denied Student a FAPE. More specifically, the ALJ found that the District should have assessed student for special education after Student requested the District, on March 9, 2016, to convene a Section 504 meeting. Compl., Ex. 1 ("ALJ Decision") at 3. The ALJ further concluded that, once the District convened and assessed Student for special education eligibility in the spring and fall of 2016, the District should have found him eligible for special education, notwithstanding the fact that Student's academic grades had not suffered. Id. Therefore, the ALJ concluded that the District should have developed an Individualized Education Plan ("IEP") for Student at an October 17, 2016 IEP team meeting. Id. Although Student argued that the District should have assessed him and found him eligible for special education prior to March 9, 2016, the ALJ disagreed, finding that Student had not demonstrated that the "District [had] denied him a FAPE in any manner other than those discussed above." Id. In sum,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

Student thus partially prevailed on five issues, while the District partially prevailed on five issues and fully prevailed on three issues. Id. at 44.

Student requested four forms of relief to remedy the District's failures under IDEA: (1) reimbursement to Student for the costs of his tuition at a private school for the 2016–2017 school year, which totaled $42,990.00; (2) reimbursement for the cost of his individual counseling with a private counselor during the same time period, which totaled $6,120.00; (3) reimbursement for the cost of a private psychoeducational evaluation, which totaled $1,800.00; and (4) compensatory education hours in the areas of counseling, social skills, and behavioral intervention. Id. at 42–43. The ALJ found that Student was entitled to reimbursement for his private school tuition, in the sum of $42,990.00, in light of the ALJ's finding that the district failed to provide student a FAPE. Id. at 43. However, the ALJ found that Student was not entitled to the independent counseling because Student failed to prove that the services provided by his private school were inadequate. Id. Similarly, the ALJ found that Student was not entitled to reimbursement of his private psychoeducational evaluation because Student pursued this evaluation before the District completed its evaluation, and because the doctor conducted an incomplete, and duplicative assessment. Id. In sum, the ALJ concluded that "reimbursement to Parents for Student's placement for a year at [the private school] is sufficient compensation for District's violation of its child find obligation, particularly given that Student has only partially prevailed on those issues, and as the denial of FAPE only pertains to the time period after March 9, 2016, rather than for the full two years prior to the filing of Student's Complaint." Id. at 43–44.

Neither party appealed the ALJ's decision, and on February 5, 2018, Student filed this action for attorneys' fees, pursuant to 20 U.S.C. § 1415. Compl. ¶ 14. On March 13, 2019, plaintiffs filed the instant motion for attorneys' fees and costs, along with six supporting declarations. Dkt. 25 ("Mot."). On April 24, 2019, the District filed an opposition, along with four supporting declarations. Dkt. 27 ("Opp'n"). The District also filed an objection to some of the statements contained in Student's declarations, dkt. 28 ("Dist. Obj."), and a request for judicial notice, dkt. 29, ("Req. JN"). Student filed a reply on May 17, 2019, dkt. 43 ("Reply"), along with 16 additional supporting declarations, objections to evidence presented by the District, dkts. 38, 39, 40, 41, and a response to the District's objections, dkt. 42. The district filed a request to strike certain portions of Student's reply papers on June 3, 2019, dkt. 45 ("Mot. Strike"), along with an objection to Student's supplemental evidence, submitted with Student's reply papers, dkt. 44 ("Supp. Obj."). Student responded to the District's motion to strike and its additional objections on June 5, 2019. Dkt. 46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

The Court held a hearing on June 10, 2019. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under the IDEA, 20 U.S.C. § 1415(i)(3)(B), "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." Congress' intent was to provide parents with disabled children a substantive right that could be enforced through the procedural mechanisms in the IDEA. Barlow–Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1286 (9th Cir. 1991).

To calculate the fee award, the Court determines the number of hours reasonably expended on the litigation, then multiplies that number by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) ("[A]ttorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny."). Attorneys' fees awarded under the IDEA are further governed by the "degree of success" standard, in which a partially prevailing party may not recover fees for unsuccessful claims, and the level of the party's success is relevant to the amount of fees to be determined. See Aguirre, 461 F. 3d at 1121 (applying analysis used in Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Indeed, "the most critical factor is the degree of success obtained." Id. The hourly rate for fees charged "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(c). "It is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that 'the requested rates are in line with those prevailing in the community.'" Miller ex rel. Miller v. San Mateo-Foster City Unified Sch. Dist., 318 F. Supp. 2d 851, 865 (N.D. Cal. May 24, 2004) (Jordan v. Multnomah Cty., 815 F.2d 1258, 1263 (9th Cir. 1987)).

## III. DISCUSSION

In total, Student requests attorneys' fees of $390,122.50 to compensate Student's attorneys, Henry Tovmassian and George Crook (collectively, "Counsel"), for 585.50 hours of work. Of this amount, $218,745 arises out of counsel's work on the due process hearing, which amounted to 330.9 hours of work. Tovmassian performed 257.7 hours of this work, and Crook performed 73.2 hours. The remaining $167,360 is to compensate Counsel for the 249.6 hours spent bringing this fees motion. Of this, 169.3 hours were spent responding to the District's opposition brief, its objections, and its request to strike Student's supplemental declarations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

The District concedes that Student is entitled to some attorneys' fees since Student partially prevailed on multiple issues before the ALJ. However, the District argues that the amount of fees sought by Student are "much greater than what the law and evidence support" due to (1) duplicative staffing on the case, which elevated the number of hours billed; (2) unreasonably high hourly rates; and (3) the fact that Student was unsuccessful on some of its claims. Therefore, the District argues, Student is only entitled to recover fees of approximately $100,000, if he is permitted to recover at all.

### A.    Evidentiary Rulings

The District has filed a request for judicial notice of three ALJ orders, one motion for fees, filed in an unrelated case, and a list, published by the California Office of Administrative Hearings, of "Free/Reduced Costs Special Education Attorneys Listed Alphabetically." See Req. JN, Ex. 1–5. Student does not object to this request, and the Court finds that the documents may be properly judicially noticed as public records.

The District has also filed 188 objections, which largely object to statements in Student's declarations by summarily stating "Foundation, vague, ultimate issue" or "argumentative, foundation, vague, ultimate issue." See generally Dist. Obj., Supp. Obj. Indeed, even in response to factual statements, such as "The last case I settled with LAUSD was on February 5, 2019," or "In [Torrance v.] Magee, 2008 WL 4906088, at*5 (C.D. Cal. Nov. 10, 2008), the Court also awarded fees at [$]495 an hour to Henry Tovmassian," the District has responded by filing conclusory objections such as "Foundation, vague, ultimate issue, Fed. R. Evid. 702, 704," and "Foundation ultimate issue, hearsay, Fed. R. Evid. 602, 704, 802." See Dist. Obj. at 8 ¶ 25, at 30 ¶ 31. In response, Student has alleged 66 objections to statements made by the District's declarants. See Stud. Obj.

Having reviewed these hundreds of objections, the Court concludes that they are largely "boilerplate recitations of evidentiary principles or blanket objections without analysis." American Hotel & Lodging Ass'n v. City of Los Angeles, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015) (quoting Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010)). More to the point, it appears that the parties have attempted to vindicate their positions in this motion by eviscerating the very declarations and evidentiary support that the parties must submit as part a motion for attorneys' fees—notwithstanding the fact that this Court and others have previously relied on declarations from these specific individuals in order to determine the prevailing rate in the community. See, e.g., Dkt. 25-4, Declaration of Carol Sobel ¶ 7 (identifying twelve attorneys' fees cases which have relied on her declarations on this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

issue). It is thus "unnecessary and impractical for the Court to methodically scrutinize each objection and give a full analysis of each argument raised." American Hotel, 119 F. Supp. 3d at 1185 (internal quotation marks omitted). Instead, "to the extent that the Court relie[s] on objected-to evidence, it relie[s] only on admissible evidence and, therefore, the objections are overruled." Capitol Records, LLC, 765 F. Supp. 2d at 1200 n.1. All other objections are **DENIED** as moot.

The District has also moves to strike the majority of the statements contained in the declarations that were submitted with Student's reply papers. The District argues that Student improperly "interwove in its many reply declarations dozens of pages of additional argument posing as reply evidence." Mot. to Strike at 1. The District requests the Court to permit the District an opportunity to file a surreply if the Court does not strike the declarations. Id. at 22.

In general, a court will not consider evidence submitted for the first time in reply without giving the opposing party an opportunity to respond. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (district court should not consider new evidence presented in a reply without giving the non-movant an opportunity to respond); see Green v. Baca, 219 F.R.D. 485, 487 n.1 (C.D. Cal. 2003) (exercising discretion to consider evidence presented in reply but affording plaintiff an opportunity to depose a key declarant). "Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion." Edwards v. Toys "R" US, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007). In addition, legal argument is reserved for the moving papers, and should not be inserted into declarations. See King Cty. v. Rasmussen, 299 F.3d 1077, 1082 (9th Cir. 2002) ("Declarations, which are supposed to 'set forth facts as would be admissible in evidence,' should not be used to make an end-run around the page limitations of [Local Rule 11-6] by including legal arguments outside of the briefs.").

The Court has reviewed the declarations in question. The Court notes that in some instances the declarants include improper legal argument. See, e.g. Dkt. 43-4, Declaration of Richard Pearl ¶¶ 6–9 (arguing that the District is improperly interpreting the standard for determining the prevailing rate under Blum v. Stenson, 465 U.S. 685 (1985)). In other instances, the declarants respond to specific factual contentions averred by the District's declarants. See, e.g., Dkt. 43-16, Declaration of Heather Zakson ¶¶ 2–3 (explaining that contrary to the District's assertion that it pays her $450 per hour, she actually bills the District at $595 per hour); Dkt. 43-15, Declaration of Mark Woodsmall ¶¶ 2–3 (explaining that contrary to the District's assertion that that it pays him $425 per hour, he actually bills the District at $515

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 | |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | | |

per hour); Dkt. 43-12 Declaration of Christopher Knauf ¶ 3 (explaining that contrary to the District's assertion that it pays him $695 per hour, he actually bills $725 per hour).

Having considered the content of the declarations submitted with Student's reply papers, the Court declines to permit the District to respond to these declarations, because it finds that a response would not materially impact the Court's decision in this case. Instead to the extent Student's supplemental declarations contain legal arguments or statements beyond the declarant's personal knowledge, and to the extent that these declarations contain *new* evidence, the District's objections are **SUSTAINED.** To the extent that they contain information about which the declarant has personal knowledge, and which responds to evidence presented by the District, the District's objections are **OVERRULED**. Anhing Corp. v. Thuan Phong Co. Ltd., 215 F. Supp. 3d 919, 928 (C.D. Cal. 2015) (striking only the improper portions of a declaration).

### B. Attorneys' Fees

In the Ninth Circuit, reasonable attorneys' fees are calculated using the "lodestar" method. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1262 (9th Cir. 1987). "In calculating the lodestar, the Court must determine both a reasonable number of hours and a reasonable hourly rate for each attorney." Adams v. Compton Unified Sch. Dist., No. 14-CV-04753-BRO(PJWx), 2015 WL 12748005, at *6 (C.D. Cal. July 16, 2015) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1211 (9th Cir. 1986)).

#### i. Tovmassian's and Crook's Hourly Rates

The hourly rate for fees charged "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(c). "District courts may consider the fees awarded by others in the same locality for similar cases." Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (emphasis added) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008) (in determining reasonable hourly rates, courts "may permissibly look to the hourly rates charged by comparable attorneys for similar work"). "[T]he established standard for determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho v. Bridgeport Fin. Inc., 523 F.3d 973, 979 (9th Cir. 2008) (citations omitted). "District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Sam K., 788 F.3d at 1041 (quoting Ingram v. Oroudjian, 647 F.3d 925, 928

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

(9th Cir. 2011)). "It is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that 'the requested rates are in line with those prevailing in the community.'" Miller, 318 F. Supp. 2d at 865 (citing Jordan, 815 F.2d at 1263). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

Counsel request rates of $650 and $700 for Tovmassian and Crook, respectively. Counsel represent that they are experienced attorneys, having been admitted to the bar since 1989 and 1974, respectively, and that their requested fee is in line with special education lawyers in the community. Dkt. 25-2, Declaration of Henry Tovmassian ("Tovmassian Decl.") ¶ 3; dkt. 25-3, Declaration of George Crook ¶ 3. They also provide declarations from other attorneys in the community, stating that their fees are in line with the rates prevailing in the community. See Dkts. 25-4, 25-5, 25-6, 25-7. As noted above, some of the individuals who submitted declarations have previously been cited by courts in determining appropriate rates in attorneys' fees suits. Declaration of Carol Sobel ¶ 7 (identify twelve attorneys' fees cases which have relied on her declarations on this issue); see also Dkt. 25-5, Declaration of Richard Pearl ¶¶ 5, 8 (explaining that he has authored a treatise on attorneys' fees in California which has been cited by dozens of courts, and that he has testified as an expert in attorneys' fees cases). In response, the District argues that Counsel's requested rates are unreasonable, and they argue that the rates prevailing in the Community is closer to the $400 range, and cites declarations from District attorneys to this effect. Opp'n at 20. At oral argument, the District contended that, even if Tovmassian and Crook's rates should be slighter higher than the average rate in the community, in light of their experience, that the rates requested are still too high. Specifically, the District argued that Crook excessively increased his rate in 2018—after having only incrementally increased his rates from 2004 through 2017. The District argued that Tovmassian's rate started too high, in 2009 when he first began litigating education cases. See Dkt. 27-1, Declaration of Mary Kellogg ¶ 46 (noting the rates these attorneys billed in past years when they settled cases).

Over the past decade, the reasonable rates that courts have adopted for Tovmassian, when he litigated cases, has ranged from $495 to $600, and a reasonable rate for Crook, when he litigated cases, has ranged from $575 to $650. See E.S. v. Conejo Valley Unified Sch. Dist., No. CV 17-2629 SS, 2019 WL 1598756 (C.D. Cal. Mar. 27, 2019) ($600 for Tovmassian and $650 for Crook); Banda v. Antelope Valley Union High Sch. Dist., No. CV 13-3358-R, 2016

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

WL 8970332, (C.D. Cal. July 28, 2016) ($575 for Tovmassian and $650 for Crook); D.B. v. Santa Monica-Malibu Unified Sch. Dist., No. 2:12-CV-3059-SVW-PJW, 2013 WL 12082495 (C.D. Cal. Apr. 4, 2013), aff'd sub nom. D.B. ex rel. Roberts v. Santa Monica-Malibu Unified Sch. Dist., 606 F. App'x 359 (9th Cir. 2015) ($650 for Crook); Compton Unified Sch. Dist. v. Addison, No. CV0604717AHMPJWX, 2012 WL 13075379 (C.D. Cal. Feb. 24, 2012) ($650 for Crook); H.B. v. Las Virgenes Unified Sch. Dist., No. CV CAS 04-8572(SSX), 2010 WL 11509098 (C.D. Cal. Sept. 29, 2010) ($550 for Tovmassian and $650 for Crook); Torrance Unified Sch. Dist. v. Magee, No. CV 07-2164 CAS (RZX), 2008 WL 4906088 (C.D. Cal. Nov. 10, 2008) ($495 for Tovmassian and $575 for Crook).

The Court thus finds no support for the District's contention that these attorneys' rates—taking into account their experience and their abilities—should be no greater than $450. In addition, some of the very attorneys who the District identifies as being awarded fees in the $400–500 range, see dkt. 27-10, Declaration of Brad Cooper ¶ 28, have provided declarations stating that this is not the case. See, e.g., Dkt. 43-16, Declaration of Heather Zakson ¶¶ 2–3 (explaining that contrary to the District's assertion that she is paid, by the District, $450 per hour, she actually bills the District $595 per hour); Dkt. 43-15, Declaration of Mark Woodsmall ¶¶ 2–3 (explaining that contrary to the District's assertion that he is paid, by the District, $425 per hour, he actually bills the District at $515 per hour); Dkt. 43-12 Declaration of Christopher Knauf ¶ 3 (explaining that contrary to the District's assertion that she is paid, by the District, $695 per hour, he actually bills $725 per hour). Tovmassian also declares that "[t]he hourly rate of $400, which the District now argues is the prevailing market rate for my services, was a rate [it] paid me over ten years ago," and he contends that the District has paid him $650 per hour since 2018. Dkt. 43-1 ("Sec. Tovmassian Decl.") ¶ 14. Finally, while the District asserts that a more appropriate rate may be determined by considering the rate that the District is paying its own counsel in this action, $225 per hour, opp'n at 19, the Ninth Circuit has held that "the rate [the District pays] its counsel should not be the starting point for determining the proper hourly rate to award the [student's attorneys]." Termine ex rel. Termine v. William S. Hart Union High Sch. Dist., 288 F. App'x 360, 362–63 (9th Cir. 2008) (citing Trevino v. Gates, 99 F.3d 911, 924–925 (9th Cir.1996)). The Court highlights that counsel for the District also litigated the matter in Termine.

However, while Tovmassian and Crook now request $650 and $700 per hour, only three months ago, a court in this district found that reasonable rates for Tovmassian and Crook, in a comparable IDEA case, was $600 and $650, respectively. See E.S. v. Conejo Valley Unified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

Sch. Dist., No. CV 17-2629 SS, 2019 WL 1598756, at *9 (C.D. Cal. Mar. 27, 2019). This Court declines to depart from those rates.

In E.S., Tovmassian and Crook also requested respective rates of $650 and $700, and while the E.S. court underscored Counsel's "impressive experience and abilities," and suggested that "the requested rate may be entirely appropriate in some particularly challenging cases," the court found that those higher rates were not warranted in that matter. Id. at *9. Here too, the Court finds no reason to increase Counsel's rates. This matter proceeded entirely before an ALJ, with no appeal to the district court. See M.S. v. Lake Elsinore Unified Sch. Dist., 2016 WL 183500, at *3-*4 (C.D. Cal. Jan. 13, 2016) (explaining that a lower rate can be more appropriate for administrative hearings than for district court appeals). The Court understands that the parties debate the importance of the ALJ's decision, particularly with regard to the materiality of a student's grades for a special education assessment. See Mot. at 5; Dkt. 27-1, Declaration of Mary Kellogg ¶¶ 9–11. Still, the Court does not find that there were atypical complexities in the underlying due process case. Accordingly, in light of the complexities of this case, in light of Counsel's experience, and in light of the rates prevailing in the community, the Court finds that $600 and $650 per hour are reasonable rates for Tovmassian and Crook, respectively.

### ii. Hours Spent on the Underlying Administrative Hearing

The District argues that many of the hours charged by plaintiffs are duplicative, particularly because Crook attended the hearing before the ALJ without taking or defending any witnesses. Opp'n at 7. The District further urges the Court to review Counsel's timesheets with skepticism because Counsel did not indicate which tasks they seek "no charge," which allegedly indicates Counsel's "failure to exercise billing judgment." Id. at 9.

The Court has reviewed Counsel's billing statements in their entirety. The Court finds that the hours spent preparing for and attending the due process hearing are reasonable. While the District questions the propriety of having two experienced attorneys handle a single special education case, the Court notes that these two attorneys have repeatedly handled cases together, and courts have affirmed their practice. Indeed, "the Ninth Circuit has 'recognized that the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort.'" Wright v. Tehachapi Unified Sch. Dist., No. 1:16-CV-01214-JLT, 2017 WL 3334015, at *13 (E.D. Cal. Aug. 4, 2017), aff'd, 743 F. App'x 125 (9th Cir. 2018) (quoting McGrath v. County of Nevada, 67 F.3d 248, 256 (1995)). Here, the District identifies no instances where Tovamassian and Crook seek reimbursement for duplicative work, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

Court also finds none. Although Crook may not have taken or defended a witness, and although he may have focused on strategic components of the litigation, this Court concludes, as did the court in E.S., that

> Crook's attendance at the administrative hearing in a supporting role was neither duplicative nor excessive. As a second chair attorney, Crook was in a position to suggest strategy and lines of questioning from a different perspective. For the same reason, there is normally nothing improper in counsel —even experienced counsel— conferring with each other both during the administrative proceeding. . . .

E.S., 2019 WL 1598756, at *10.

The Court also finds no reason to question the reliability of Counsel's billing statements, which are adequately detailed. Counsel also represents that they have already eliminated time spent on unbillable matters. Tovmassian Decl. ¶ 18. The Court finds no excessive or duplicative entries, and the District similarly identifies none. Accordingly, the Court follows the Ninth Circuit's directive to "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." Moreno, 534 F.3d at 1112 (explaining "that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where the plaintiff's lawyer engages in churning").

### iii. Degree of Success

While the Court concludes that it need not eliminate specific instances of time spent on the underlying due process case, it will reduce Counsel's fee award based on the degree of success Counsel obtained. Student achieved a considerable degree of success in this case. The ALJ concluded that the District had failed to offer him a FAPE for the 2016-2017 school year and awarded reimbursement to Student for the costs of his tuition at a private school that he attended that year, which totaled $42,990.00. ALJ Order at 43. However, Student was not awarded the full extent of the remedies he requested: he did not receive reimbursement for the cost of his individual counseling with a private counselor, which totaled $6,120; reimbursement for the cost of a private psychoeducational evaluation, which totaled $1,800; nor did he receive compensatory education hours in the areas of counseling, social skills, and behavioral intervention. Student also only partially prevailed on five issues, while the District partially prevailed on five issues and fully prevailed on three.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 | |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | | |

In Webb v. Sloan, 330 F.3d 1158, 1169 (9th Cir. 2003), the court held that, where the prevailing party has not won every claim brought, the court must determine the appropriate reduction in attorneys' fees to compensate for the limited success. The first step is to consider whether "the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded." Id., citing Hensley, 461 U.S. at 434. "Claims are 'unrelated' if they are 'entirely distinct and separate' from the claims on which the plaintiff prevailed." Id. If the hours are unrelated and unsuccessful, they should not be included in the award of fees. Id. The second step is to consider whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Id. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id.

The Court finds that Student's requested fees should be reduced because Student did not prevail on all of his asserted issues, and the issues on which he failed are sufficiently distinct from those on which he partially prevailed. Specifically, student's request for reimbursement of his private counseling and his psychoeducational evaluation, neither of which were awarded, are materially distinct from Student's assertion that the District failed to provide him a FAPE for the 2016-2017 school year. The ALJ's decision as to the private counseling was based on the services which were available to Student at his private school—not the District's conduct—and the decision regarding the private evaluation considered the time when Student pursued a private evaluation. See ALJ Order at 43. Neither of these decisions considered Student's eligibility for special education, nor did they consider whether the District awarded him a FAPE. Accordingly, the issues and the relief requested differed, and the Court finds that Student's recoverable fees should be reduced based on Student's degree of success.

The timesheets submitted by Counsel are not sufficiently detailed for the Court to identify the exact amount of time Counsel devoted to the successful claims as opposed to unsuccessful claims. However, a court need not, necessarily, "identify specific hours that should be eliminated," but "may simply reduce the award to account for the limited success." Hensley, 461 U.S. at 436. Here, Student recovered $42,990 of the $50,190 he requested, which represents 85 percent of the monetary relief requested. He also failed to obtain future compensatory education. The Court thus concludes that it is appropriate to reduce Student's attorneys' fees, incurred through the work on the underlying due process case, by 20 percent. Other district courts in the Ninth Circuit have imposed similar reductions in cases where a plaintiff obtained only a limited degree of success. See, e.g., L.R. v. Hollister Sch. Dist., 2014 WL 1118019, at *6 (N.D. Cal. Mar. 19, 2014) (finding that plaintiff's partial degree of success warranted a 50% reduction in attorneys' fees); J.M. v. Capistrano Unified Sch. Dist., 2011 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

1326905, at *5 (C.D. Cal. Mar. 31, 2011) (lack of success on "most sub-issues" and on four out of five school years warranted reduction of 66.67%); S.A. v. Tulare Cnty. Office of Educ., 2009 WL 4048656, at *7 (E.D. Cal. Nov. 20, 2009) (reducing fees by 90% in light of "partial and limited success").

In sum, based on the reasonable rates approved for Tovmassian and Crook, and the degree of their success, the Court hereby awards them $161,760.00 for their work on the underlying due process case.[1]

### iv. Hours Spent on this Motion for Fees

This motion for fees was litigated by the parties with no regard for what is reasonable. The District raised unfounded objections to the evidence presented by Student. Student was required to respond to the District's hundreds of objections. At oral argument, the District argued that it was raising arguments about the rates because of the high costs incurred by the District in paying legal fees. However, consideration of the financial burden that is imposed upon the District by a particular hourly rate is not a factor to be considered when determining a fee award.

For the District to engage in efforts to discredit declarations regarding hourly rates that other courts have previously found to appropriate, and to dispute the amount of hourly rates which have been awarded repeatedly to these Counsel, is not appropriate. As a result of this needless evidentiary battle, Student has incurred $170,860 in fees in addition to the $218,745 requested as fees for the time spent litigating the underlying case. Adjusting this $170,860 to the rates which the Court finds appropriate in this case—$600 for Tovmassian and $650 for Crook—the total for the motion for the fees amounts to $158,130.

Ordinarily, the Court would not permit such an award. Here, however, the Court finds that the District largely drove the intensity of the litigation by raising its conclusory and unfounded objections, by ignoring the conclusions of this Court and others to the effect that the requested hourly rates were in the range of other awards, and by raising arguments that have been expressly criticized by the Ninth Circuit. See, supra, Section III(B)(i) (discussing Termine ex rel. Termine v. William S. Hart Union High Sch. Dist., 288 F. App'x 360, 362–63 (9th Cir. 2008)). Accordingly, in light of the District's role in unnecessarily increasing the number of

---

[1] This total includes the 257.7 hours that Tovmassian billed for his work on due process case, and the 73.2 hours billed by Crook.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 | |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | | |

hours required to defend Counsel's motion for fees, the Court finds that it is appropriate to award Counsel fees for the time spent on their motion for fees. However, having stricken the Pearl Declaration, which was submitted in support of plaintiff's reply brief, because it contained improper legal argument, the Court deducts the 5.3 hours (1.4 hours by Tovmassian, and 3.9 hours by Crook) billed for preparing that declaration, which amounts to $3,375.00. Accordingly, the Court calculates the lodestar with rates of $650.00 and $600.00 per hour for Crook and Tovmassian, and awards them $156,705.00 for the work conducted on the motion for fees.[2]

### C. Student's Request for Costs

Student also requests an award of his costs incurred in pursuing this case, which total $517.50. See Tovmassian Decl., Ex. 7. Under the IDEA parties are entitled to recover costs for, among other things, docket fees, printing and making copies of any materials necessarily obtained for use in the case. Torrance Unified School Dist. v. Magee, 2008 WL 4906088, at*5 (C.D. Cal. Nov. 10, 2008) (citing Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291 (2006)). Additional costs that would normally be charged to a fee-paying client are reimbursable as part of the attorneys' fee, distinct from costs. See Harris v. Marhoefer, 24 F.3d 16, 19–20 (9th Cir.1994); Sexcius v. District of Columbia, 839 F.Supp. 919, 927 (D.D.C.1993) ("reasonable photocopying, postage, long distance telephone, messenger, and transportation and parking costs are customarily considered part of a reasonable 'attorney's fee'"). Based on Tovmassian's declaration, the Court is satisfied these costs were "necessarily obtained" for use in Student's administrative hearing. Accordingly, Student may recover for these costs.

//

//

//

---

[2] This total includes the 145.8 hours that Tovmassian billed for his work on the motion for fees, and the 106.5 hours billed by Crook. The Court included the five hours that Crook incurred by responding to the District's motion to strike, and three hours he billed for preparing for and attending the hearing, held on June 10, 2019. Although Crook stated, at oral argument, that he incurred six hours preparing for and attending oral argument, the Court finds that spending six hours for a short hearing is excessive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:18-CV-00919-CAS-JCx | Date | June 17, 2019 |
| Title | MELISSA GORDON ET AL. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Student's motion for attorneys' fees against the District. The Court awards $318,456.00 in attorneys' fees to Student, along with $517.50 in costs.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |